UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

GAIL R. ALDRIDGE,                         Case No. 13-30977-dof
                                                    Chapter 13 Proceeding
      Debtor.                               Hon. Daniel S. Opperman
_____/

OPINION REGARDING DEBTOR'S MOTION FOR VIOLATIONS
OF AUTOMATIC STAY AND CREDITOR MISCONDUCT

On June 11, 2013, the Debtor filed a Motion for Violations of Automatic Stay and Creditor Misconduct that was responded to by Phyllis Thomann on June 12, 2013. The Court conducted a hearing regarding the Debtor's Motion on July 10, 2013, and denied the Debtor's Motion to the extent that the actions described by the Debtor were taken by Ms. Thomann to collect a debt that occurred after the March 20, 2013, Chapter 13 bankruptcy petition filed by the Debtor in this action. The Court also stated in open Court, however, that Ms. Thomann was subject to the automatic stay imposed by 11 U.S.C. § 362 as to any debts that were incurred prior to March 20, 2013.

On July 12, 2013, the Debtor filed a Second Motion for Violations of Automatic Stay and Creditor Misconduct that the Court has closely reviewed. For the most part, the Debtor restates the facts in her previous Motion, but includes additional facts that occurred after July 10, 2013. To summarize, these additional facts regard the actions of Ms. Thomann to initiate a state court proceeding to collect what could, or could perhaps not, be amounts owed to Ms. Thomann before March 20, 2013. On July 23, 2013, Ms. Thomann filed a Response to the Debtor's Second Motion. Ms. Thomann attempts to explain that the obligations that she is seeking to have paid and enforced by a state court occurred after March 20, 2013.

1

The Court has carefully reviewed the pleadings of the Debtor and Ms. Thomann, as well as all other pleadings in this case. The Court notes that the Debtor is represented by an attorney, who has not filed pleadings in regard to the issues raised by the Debtor in her own right or responded to by Ms. Thomann.

The Court concludes that an oral argument or hearing is unnecessary to address the issues raised by the Debtor and responded to by Ms. Thomann. As stated by the Court on July 10, 2013, any action by Ms. Thomann is stayed by virtue of 11 U.S.C. § 362 as to any obligation that existed prior to or on March 20, 2013. There is no automatic stay for any obligation that was incurred after March 20, 2013.

The Court reiterates its statements made at the July 10, 2013, hearing and reminds Ms. Thomann that to the extent that a request for money that was owed by the Debtor on March 20, 2013, is made, Ms. Thomann either needs to seek and obtain relief in the form of a motion for relief from stay filed with this Court or be in violation of the automatic stay. Likewise, the Debtor is reminded that any obligation that occurred after March 20, 2013, is not stayed by 11 U.S.C. § 362.

The Court denies the Debtor's Motion to the extent that any action by Ms. Thomann is to enforce an obligation that occurred after March 20, 2013. The automatic stay remains in place as to any obligations owed by the Debtor to Ms. Thomann prior to and on March 20, 2013.

cc: Gail Aldridge
     Phyllis Thomann

**Not for Publication**

**Signed on August 06, 2013**

                                          **/s/ Daniel S. Opperman**
                                          **Daniel S. Opperman**
                                          **United States Bankruptcy Judge**